# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50535
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2017

Lyle W. Cayce
Clerk

Cons. w/16-50536

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON C. MCCLURE,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-217-1
USDC No. 1:12-CR-443-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jason C. McClure appeals his below guidelines sentence for conspiring to possess with intent to distribute methylone, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), 846.  Because methylone is not specifically referenced in U.S.S.G. § 2D1.1(c), in calculating the guidelines range, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50535
c/w No. 16-50536

determined that MDMA was the most closely related controlled substance and therefore applied MDMA's 500:1 drug equivalency ratio. On appeal, McClure contends that the district court did not recognize its authority to reject the 500:1 ratio and vary below the calculated guidelines range on that basis.

Although McClure objected to the court's use of the 500:1 ratio, he did not object to the district court's explanation for denying his objection or otherwise suggest that the court had failed to recognize its discretion to grant a variance on that specific basis. Therefore, we review the forfeited objection under the plain error standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To satisfy that standard, McClure must show an error that is "clear or obvious" and that "affects his substantial rights." *See id.* (internal quotation omitted). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Contrary to McClure's interpretation of the court's comments at sentencing, the record does not reflect that the district court misunderstood its authority to vary below the guidelines range if it disagreed with the 500:1 drug ratio. Instead, it shows that the court found the argument for applying a lower ratio to be "weak;" the court made an individualized determination of the sentencing factors and varied below the guidelines range for other reasons. McClure has therefore failed to show that the court committed any clear or obvious error.

AFFIRMED.

2